**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIM. ACT. NO. 1:22-cr-193-TFM** |
| | ) | |
| **CARLOS DOMINICK BALAMS** | ) | |

**ORDER**

Pending before the Court are the *pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)* (Doc. 80, filed 11/24/25), the *Motion for Compassionate Release* (Doc. 81, filed 3/30/26) submitted by Defense counsel, and the United States' Response (Doc. 86, filed 5/7/26). For the reasons stated below, the Court **DENIES** both motions (Docs. 80, 81).

The Court file reflects that on March 3, 2023 Defendant Carlos Dominick Balams ("Balams" or "Defendant") pled guilty to Hobbs Act Robbery of a Business and Brandishing a Firearm during and in relation to a Crime of Violence. *See* Doc. 42. The guidelines range was 37-46 months imprisonment for the Hobbs Act Robbery while the statutory minimum sentence for Brandishing a Firearm was 84 months. *See* Doc. 59. On June 1, 2023, Balams received a sentence of 120-months imprisonment to be followed by 5 years of supervised release. *See* Doc. 66. Balams seeks release on grounds that he is suffering from terminal cancer.

Balams is confined in the Yazoo City Federal Correctional Institution in Yazoo City, Mississippi and has an estimated release date of April 27, 2031. *See* https://www.bop.gov/inmateloc/ (last accessed October 5, 2026).

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *United States v. Shaw*, 711 F. App'x. 552, 554-55 (11th Cir. 2017) (same). Specifically,

the district court may not modify a term of imprisonment once it has been imposed except as set out in 18 U.S.C. § 3582(c). *See United States v. Pubien*, 805 F. App'x 727, 729 (11th Cir. 2020) (citing 18 U.S.C. § 3582(c)).

The Court construes the *pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(1)* (Doc. 80, filed 11/24/25) and the *Motion for Compassionate Release* (Doc. 81, filed 3/30/26) as motions filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by § 603 of the First Step Act enacted in December 2018. That section allows a defendant to petition the Court directly for reduction of a term of imprisonment, without a motion by the Director of the BOP, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

The record is contradictory on whether Balams exhausted his administrative requirements. In his pro se motion, which is submitted under oath, Balams states he submitted a request on July 11, 2025 for which he never received a response. *See* Doc. 80 at 3. Defense counsel reiterates that statement in the second motion but does not attach any documentation. The United States disputes the assertion stating that the BOP states there is no record Balams filed a request for compassionate release. The Court need not resolve the discrepancy here because whether or not Balams exhausted his administrative remedies, the Court would still not grant the motion.

Any reduction in sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the U.S. Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious

medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.*

With regard to age in category (ii), Application Note 1 to the Commentary of § 1B1.13 indicates that advanced age "is at least 65 years old." Balams is 60-years old thus the Court cannot find Balams meets the advanced age contemplated by this factor. *See* Doc. 59 at page 2.

As to category (iv), the BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" under the fourth prong of the Sentencing Commission's policy statement. Balams' claim also alleges no reasons which satisfy category (iii) and (iv) thus the claim fails under categories (iii) and (iv).

Each of Balams' claims clearly seek relief under category (i) – a serious medical condition which diminishes his ability to provide self-care within the environment of a correctional facility. As the burden rests upon the defendant in this motion, the Court cannot find that he meets the criteria of category (i). Specifically, Balams claims he suffers from terminal prostate cancer, poor blood circulation (varicose veins), IBS and prediabetes. While the medical records provided by the Defendant and the United States do indicate that Balams suffers from prostate cancer and other chronic conditions, none of the records indicate Balams has ***terminal*** prostate cancer or has a condition or combination of conditions which arises to the level he is unable to provide self-care in the environment of a correctional institution. In fact, the medical records bear out rather than dispel this conclusion. In his *pro se* motion, Balams indicates that he neither requires assistance with self-care such as bathing, walking and toileting nor does he require assisted living. (Doc. 80 at page 11). Further, while prostate cancer is a serious medical condition, there is no indication

that the Bureau of Prisons medical staff cannot or will not provide adequate care to Balams. To the contrary, the medical records indicate the medical staff is treating Balams' prostate cancer and other medical conditions.

Balams does not sufficiently allege "other reasons" under category (iv). The BOP's Program Statement 5050.50 identifies in some detail the types of reasons that the Director of the BOP deems "extraordinary and compelling" within the fourth prong of the Sentencing Commission's policy statement. Thus, Balams is effectively urging this Court to find that his circumstances constitute an "extraordinary and compelling reason" to warrant 18 U.S.C. § 3582(c)(1)(A) relief, even though doing so would not be within the scope of reasons determined by the BOP to be extraordinary and compelling and therefore would not be consistent with the Sentencing Commission's applicable policy statement. Simply put, then, Balams' motion would have this Court ignore statutory language requiring that sentence reductions for "extraordinary and compelling reasons" be consistent with Sentencing Commission policy statements by essentially superimposing the Court's own policy preferences over those of the Sentencing Commission and the BOP. Therefore, his request for compassionate release fails here.

Even if Balams met his burden above, then the Court must also consider the sentencing factors in 18 U.S.C. § 3553(a) when deciding whether to exercise its discretion in whether or not to grant the motion. 18 U.S.C. § 3582(c)(1)(A). In this case, the sentencing factors clearly do not favor early release or home confinement. Nothing the Court finds credible indicates Balams will abide by the law if given the opportunity. The Court agrees with the United States that Balams committed a violent crime in the instant case and several other violent crimes which culminated in Balams being convicted of robbery under various state laws. The Court further finds no conditions or combination of conditions will mitigate the overwhelming danger which would attend the

release of defendant Balams.

The Court concludes that nothing persuasive here that justifies or permits a lesser sentence. The Court finds the early release of Balams would pose a great danger to the community which could not be offset by conditions short of confinement.

For the foregoing reasons, the motions (Docs. 80, 81) are **DENIED**.

**DONE** and **ORDERED** this 5th day of October, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE